JOHNSON *v.* HOY, UNITED STATES MARSHAL FOR THE NORTHERN DISTRICT OF ILLINOIS.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 842.   Argued January 7, 8, 1913.—Decided February 3, 1913.

The writ of *habeas corpus* is not intended to serve the office of a writ of error even after verdict, and for stronger reasons is not available before trial except in rare and exceptional cases.

The orderly course of a trial should be pursued and usual remedies exhausted even where petitioner attacks the constitutionality of the act under which he is held. *Glasgow* v. *Moyer*, 225 U. S. 420.

Where petitioner bases his petition on the ground that excessive bail is required, and before decision on the writ furnishes the bail, as the court can only grant the same relief that the writ was intended to afford, the appeal from the judgment denying the writ must be dismissed.

THE facts are stated in the opinion.

*Mr. Benjamin C. Bachrach* for appellant.

*Mr. Assistant Attorney General Harr*, with whom *The Solicitor General* was on the brief, for appellee.

MR. JUSTICE LAMAR delivered the opinion of the court.

On November 7, 1912, Johnson was indicted for a violation of the White Slave Traffic Act (June 25, 1910, 36 Stat. 825, c. 395). He was arrested and the court fixed his bail at $30,000 but declined to accept as surety any one who was indemnified against loss, or to permit the defendant to deposit cash in lieu of bond. The defendant thereupon applied for a writ of *habeas corpus* on the ground (1) that excessive bail was required, on terms onerous and prohibitive, and (2) that the act under which he had been indicted was unconstitutional and void. After a hearing the petition was denied and he appealed to this court, where a motion was made that he be admitted to bail pending the hearing. This was resisted by the Solicitor General and, before a decision thereon, was abandoned. On appellant's motion the case was advanced to be heard with others involving the constitutionality of the same act. The defendant's counsel took part in the argument of that question, January 6, 1913. From an affidavit attached to the brief of the Government, submitted at that time, it ap-

pears that, on November 15, 1912, Johnson had given a bond, which had been approved by the district judge, and had been released from arrest under the indictment. The petitioner insists that the release on bail was known to the Government when the motion to advance was made, and not then having been urged he is now entitled to a decision on the constitutional question argued, so that if in his favor he would avoid re-arrest and trial.

The writ of *habeas corpus* is not intended to serve the office of a writ of error even after verdict, and, for still stronger reasons, it is not available to a defendant before trial, except in rare and exceptional cases as pointed out in *Ex parte Royall*, 117 U. S. 241. This is an effort to nullify that rule and to depart from the regular course of criminal proceedings by securing from this court, in advance, a decision on an issue of law which the defendant can raise in the District Court, with the right, if convicted, to a writ of error on any ruling adverse to his contention. That the orderly course of a trial must be pursued and the usual remedies exhausted, even where the petitioner attacks on *habeas corpus* the constitutionality of the statute under which he was indicted, was decided in *Glasgow v. Moyer*, 225 U. S. 420. That and other similar decisions have so definitely established the general principle as to leave no room for further discussion. *Riggins* v. *United States*, 199 U. S. 547.

It is claimed, however, that the defendant was required to give excessive bail, on prohibitive conditions, and that this fact, in connection with the attack on the validity of the statute, takes the case out of the general rule and brings it within the exceptional cases referred to in *Ex parte Royall*, 117 U. S. 241, so as to give petitioner the right to this hearing in advance of a trial. But even if it could be claimed that the facts relied on presented any reason for allowing him a hearing on the constitutionality of the act at this time, the defendant would not be entitled

to the benefit of the writ, because since the appeal he has given bond in the District Court and has been released from arrest under the warrant issued on the indictment. He is no longer in the custody of the marshal to whom the writ is addressed, and from whose custody he seeks to be discharged. The defendant is now at liberty, and having secured the very relief which the writ of *habeas corpus* was intended to afford to those held under warrants issued on indictments, the appeal must be

*Dismissed.*