Ex parte Sánchez et al., Petitioners and Appellants, and The People of Porto Rico, Contestant and Respondent.

Appeal from a decision of Mr. Justice Aldrey on an application for a Writ of *Habeas Corpus.*

Motion of the *fiscal* alleging that the decision of the appeal would serve no practical end.

No. 651.—Decided February 13, 1914.

Habeas Corpus—Appeal.—When during the prosecution of an appeal in a case of *habeas corpus* on the ground of lack of probable cause for the imprison-

ment of the petitioners and of excessive bail the petitioners plead guilty before the lower court of the same crime which was the object of the petition for a writ of *habeas corpus* and are sentenced to imprisonment, the decision of the appeal would serve no practical end and therefore it should be dismissed.

The facts are stated in the opinion.

*Messrs. Rossy & Guillermety* for petitioners.

*Mr. Charles E. Foote, fiscal,* for The People.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Eusebio Sánchez and Inocencio Arduén each presented a petition for a writ of *habeas corpus* to Mr. Justice Aldrey of this court. In both petitions it was alleged as the only grounds thereof that the petitioners were deprived of their liberty because they were charged with the crime of perjury of which there was no proof, and that in case there existed just cause for their imprisonment, the bail which had been fixed for their release was excessive.

The cases were heard together and decided by a single decision of December 1, 1913. After considering the allegations, the evidence, the briefs, and the arguments of the parties, Mr. Justice Aldrey decided that there was probable cause for the detention of the petitioners but reduced the bail.

The petitioners and The People of Porto Rico, through its *fiscal,* both appealed from said judgment to this court. While the appeal was pending the *fiscal* made a motion to withdraw his appeal, which the court granted in its decision of December 8, 1913. The appeal taken by the petitioners continued its course and two extensions of time were granted to counsel for the presentation of their briefs. A hearing was finally had on January 19, 1914.

The case having been submitted to us for final consideration, the *fiscal* of this court appeared on February 3, 1914, and presented a motion, accompanied by several documents, alleging that the decision of the appeal could serve no practical end. The court set February 12, 1914, for the hearing on the motion, notifying both parties, and on the day set the

hearing was had, at which only the representative of The People of Porto Rico appeared.

From the documents accompanying the *fiscal's* motion it appears that the same petitioners in these cases, Eusebio Sánchez and Inocencio Arduén, confessed in the District Court of San Juan, Section 2, that they were guilty of the crime for which they had been imprisoned and were sentenced respectively on January 13, 1914, to three and eight years' imprisonment in the penitentiary at hard labor.

That is to say, the petitioners who alleged in their petitions for writs of *habeas corpus* that there existed no probable cause for their imprisonment, asking to be liberated on that ground, appeared later before the court of justice having jurisdiction and entered another plea of such a nature as to destroy completely the grounds on which they based their petitions.

The said petitioners, in harmony with their subsequent action in the district court, should have withdrawn these appeals. They have not done so, but as we have authentic proof that they are at present serving terms of imprisonment imposed by reason of their own confessions, for the same crime for which their imprisonment gave rise to these petitions for writs of *habeas corpus,* we must dismiss the appeal without considering or deciding the questions raised because the courts do not exist for the consideration of mere academic questions or to render decisions which are practically unnecessary.

In the case of *Mills* v. *Green,* 159 U. S., 651, the Supreme Court of the United States laid down the doctrine that "when, pending an appeal from the judgment of the lower court and without any fault of the defendant, an event occurs which renders it impossible for the appellate court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief, the court will not proceed to a formal judgment but will dismiss the appeal."

Also, the Supreme Court of the United States dismissed

the appeal taken in the case of *Johnson* v. *Hoy,* 227 U. S., 245. In the said case Johnson was imprisoned and his bail fixed at $30,000. He did not furnish the bail and presented a petition for a writ of *habeas corpus* praying for his release on the ground that the bail was excessive. His petition was denied and he appealed to the Supreme Court. While the appeal was pending he furnished the bail and the court dismissed the appeal on the ground of that fact and because it considered that in obtaining his liberty the petitioner had secured what he sought by means of the appeal.

And this court, in the appeal taken in the case of *The People* v. *Rivera,* charged with murder in the first degree, on receiving notice of the death of the accused, quashed the appeal on April 9, 1912 (18 P. R. R., 1056), because no practical result could be obtained by continuing and deciding the same; and in the case of *Centro de Detallistas de San Juan* v. *A. Vicente & Co. et al.,* 17 P. R. R., 846, following the doctrine laid down in the case of *Property Owners' League* v. *City of San Juan,* 14 P. R. R., 85, the principle was applied that the courts are open to everyone for any injury done him in his lands, goods, person or reputation, but they do not and cannot decide fictitious controversies.

The appeal should be dismissed.

*Appeal dismissed.*

Chief Justice Hernández and Justice Wolf concurred.
Mr. Justice Aldrey took no part in this decision.