Ex parte Sánchez et al., Peticionarios y Apelantes, *v.* El Pueblo de Puerto Rico, Opositor y Apelado.

Apelación contra resolución del Juez Asociado Sr. Aldrey en un caso de *habeas corpus.*

Moción del fiscal alegando que carecía de fin práctico la decisión del recurso.

No. 651.—Resuelto en febrero 13, 1914.

Habeas Corpus—Desestimación de la Apelación—Falta de Finalidad Práctica de la Resolución del Recurso.—Cuando durante la tramitación de una

apelación en un caso de *habeas corpus* fundado en la falta de causa probable para la detención de los peticionarios y en que la fianza era excesiva, los peticionarios se confiesan culpables ante el tribunal inferior del mismo delito objeto de la solicitud de *habeas corpus* y son condenados a prisión, carece de finalidad práctica la resolución del recurso que debe en tal virtud desestimarse.

Los hechos están expresados en la opinión.

Abogados de los peticionarios: *Sres. Rossy & Guillermety.*

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Eusebio Sánchez e Inocencio Arduén presentaron dos solicitudes de *habeas corpus* al Juez Asociado de esta Corte Suprema Sr. Aldrey. En ambas solicitudes se alegaron como únicos fundamentos de las mismas, que los peticionarios se hallaban privados de su libertad por habérseles considerado como autores del delito de perjurio sin que existiera prueba de ello, y que en el caso de existir causa justa para decretar su detención, la fianza que se había fijado para que pudieran obtener su libertad era excesiva.

Los casos se tramitaron conjuntamente y se decidieron por una sola resolución el 1 de diciembre de 1913. El Juez Asociado Sr. Aldrey, después de considerar las alegaciones, las pruebas y los informes escritos y orales de las partes, resolvió que existía causa probable para la detención de los peticionarios y modificó las fianzas aminorando su cuantía.

Ambas partes, los peticionarios y el Pueblo de Puerto Rico por su Fiscal, apelaron de dicha resolución para ante este Tribunal Supremo. Mientras se tramitaba el recurso el Fiscal desistió del que había interpuesto y la corte lo tuvo por desistido por resolución de diciembre 8, 1913. La apelación establecida por los peticionarios continuó su curso, habiéndose concedido dos prórrogas a sus abogados para la presentación de su alegato, y celebrándose la vista finalmente el 19 de enero de 1914.

Sometido ya a nuestra consideración definitiva el caso, compareció el Fiscal de esta corte el 3 de febrero de 1914 y

presentó una moción, acompañada de varios documentos, alegando que carecía de fin práctico la decisión del recurso. El tribunal señaló la vista de la moción para el 12 de febrero actual con notificación a ambas partes y en la fecha señalada se celebró dicho acto con la sola comparecencia del representante de El Pueblo de Puerto Rico.

De los documentos acompañados a la moción del Fiscal aparece que los mismos peticionarios en este caso, Eusebio Sánchez e Inocencio Arduén, confesaron en la Corte de Distrito de San Juan, Sección 2ª., que eran autores del delito por el cual se les había reducido a prisión, y fueron condenados por sentencias de 30 de enero de 1914, respectivamente, a tres y a ocho años de presidio con trabajos forzados.

Quiere decir, que los peticionarios que alegaron en sus solicitudes de *habeas corpus* que no existía causa probable para su detención y basándose en ello pidieron su excarcelamiento, acudieron luego a la corte de justicia competente e hicieron otra alegación, de tal naturaleza, que destruye por completo la base en que descansan sus solicitudes.

Los mismos peticionarios actuando en armonía con su proceder posterior en la corte de distrito, debieron desistir de este recurso. No lo han hecho así, pero teniendo nosotros prueba fehaciente de que se encuentran en la actualidad sufriendo condena, impuesta a virtud de su propia confesión, por el mismo delito por el cual fueron detenidos y cuya detención dió origen a estas solicitudes de *habeas corpus,* debemos desestimar el recurso sin entrar a considerar y a resolver las cuestiones planteadas, ya que los tribunales no existen para considerar meras cuestiones académicas ni para dictar resoluciones prácticamente innecesarias.

En el caso de *Mills* v. *Green,* 159 U. S., 651, la Corte Su·prema de los Estados Unidos estableció el principio de que "cuando, pendiente una apelación de la sentencia de una corte inferior, y sin falta alguna por parte del apelado, ocurre algún acontecimiento que haría imposible, si la corte decidiera el recurso en favor del apelante, concederle ningún

remedio efectivo, la. Corte Suprema no procederá a dictar una sentencia formal, sino que desestimará la apelación.''

También la Corte Suprema de los Estados Unidos desestimó la apelación interpuesta en el caso de *Johnson* v. *Hoy,* 227 U. S., 245. En dicho caso se redujo a prisión a Johnson y se le señaló una fianza de treinta mil pesos. No la prestó y presentó una solicitud de *habeas corpus* pidiendo su excarcelación bajo la base de que la fianza era excesiva. Su solicitud fué negada y apeló para ante la Corte Suprema. Mientras se tramitaba el recurso prestó la fianza, y basándose en tal hecho y en la consideración de que el peticionario al obtener su libertad había logrado lo que intentaba por medio del recurso, la corte desestimó la apelación.

Y esta misma Corte Suprema de Puerto Rico en la apelación interpuesta en' el caso de *El Pueblo* v. *Rivera,* asesinato en primer grado, al tener noticia del fallecimiento del acusado, sobreseyó el recurso el 9 de abril de 1912, 18 D. P. R., 1101, por carecer de finalidad práctica la continuación y decisión del mismo; y en el caso del *Centro de Detallistas de San Juan* v. *A. Vicente y Cía.,* 17 D. P. R., 883, ratificando la doctrina establecida en el de *Liga de Propietarios* v. *La Ciudad de San Juan,* 14 D. P. R., 93, se aplicó el principio de que las cortes están abiertas para todo el mundo por cualquier perjuicio que se le haya causado en sus bienes, persona o reputación, pero no tienen la obligación ni pueden resolver controversias ficticias.

Debe desestimarse el recurso.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Wolf.

El Juez Asociado Sr. Aldrey no formó parte del tribunal en la vista de este caso.