THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH LUSTIG, Appellant.— Judgment of conviction of the County Court of Queens county affirmed. Rich, Young and Hagarty, JJ., concur; Lazansky, P. J., and Kapper, J., dissent, being of opinion that while defendant may have been guilty of assault, the proof did not warrant the determination that he was guilty of attempted rape.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN TRACY, Appellant.— Judgment of conviction of the County Court of Kings county unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY WALSH, Alias JAMES DOUGHERTY, Appellant.— Judgment of conviction of the County Court of Kings county unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MILDRED ELMORE, Appellant, v. JOHN D. McCOACH, as Sheriff of the County of Orange, Respondent.— Appeal from order dismissing writ of habeas corpus dismissed, without costs, upon the ground that the relator is no longer in custody, having been released on bail. (See *Johnson* v. *Hoy*, 227 U. S. 245.) Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ., concur.

WILLIAM H. RAPP, Appellant, v. MAX EPSTEIN, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

JOHANNA RECHE, Appellant, v. SADIE WOODRUFF, Respondent.— Order denying motion to strike out answer, to adjudge defendant to be in default, and to assess damages affirmed, with ten dollars costs and disbursements. We are of opinion that the owner of the property was not served with the summons and complaint, but that her daughter (who answered) was served, and that the latter was not only named as the defendant but was the one *intended* to be named and served, this view being fortified not alone by the affidavits and the testimony taken by the learned Special Term justice, but also by the examination before trial of the person served; from which circumstance and the facts elicited upon the examination the only permissible inference is that plaintiff knew that the daughter was the defendant named and the one served. Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ., concur.

HENRY RECHE, Appellant, v. SADIE WOODRUFF, Respondent.— Order denying motion to strike out answer, to adjudge defendant to be in default, and to assess damages affirmed, with ten dollars costs and disbursements, on authority of *Reche* v. *Woodruff* (*ante*, p. 777), decided herewith. Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ., concur.