**UNITED STATES ex rel. Gilberto PALMA, Appellant,**

v.

**Albert W. SAEGERT, United States Marshal for the Western District of Texas, Appellee.**

No. 16813.

United States Court of Appeals
Fifth Circuit.

Jan. 3, 1957.

Joseph A. Calamia, Albert Armendariz, El Paso, Tex., for appellant.

James E. Hammond, Asst. U. S. Atty., El Paso, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex., Robert S. Pine, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

PER CURIAM.

This appeal is from an order denying an application for writ of habeas corpus filed, heard, and denied on the merits under the following circumstances:

Appellant, on or about May 7, 1957, was charged and arraigned before the United States Commissioner for Western District of Texas, El Paso Division,

upon a complaint charging him with being a citizen of the United States, who, as a user of narcotic drugs or addicted to the same, departed and entered the United States on April 19, 1957, without having registered with a customs official as required by, and in violation of, Title 18 U.S.C. § 1407, Chapter 629, Title 2, Sec. 201, 70 Stat. 574 and the Rules and Regulations of the Treasury Department made pursuant thereto.

The appellant, after being advised of his legal rights, waived a hearing and indicated his desire to waive a grand jury, and, in lieu of making the $3,000 bail set by the Commissioner, was delivered to the custody of the United States Marshal, appellee herein, and committed to the El Paso County Jail.

Shortly thereafter appellant, seeking to have a writ of habeas corpus serve as a substitute for the ordinary proceedings of the trial court, presented his first amended original petition for a writ of habeas corpus to the District Court for the Western District of Texas, El Paso Division, alleging substantially that his detention was unlawful because the aforesaid criminal statute and the Treasury Department Rules and Regulations, upon which his detention was based, were unconstitutional.[1]

At the hearing no evidence was adduced, but it was stipulated that appellant did depart from and enter the United States and did not register and fill out a registration form on the day in question. Thereupon the court, having heard the stipulations and examined the pleadings and heard the argument of counsel for both sides, ordered the Writ of Habeas Corpus discharged and the appellant remanded to the custody of the appellee.

Here with briefs directed to fully arguing the matter on the merits, appellant urges upon us that the decision was wrong and should be reversed, the appellee that it was right and should be affirmed.

While the questions dealt with are interesting and, on an appeal from a decision on the merits of the case, would engage and receive our careful attention, we do not reach them because of the settled principle that a writ of habeas corpus may not be used to interfere with or interrupt the orderly administration of the criminal laws by a competent court acting within its jurisdiction or as a substitute for the ordinary proceedings of a trial court.[2]

The cause is therefore remanded to the District Court with directions: to vacate its order denying petitioner's application for writ of habeas corpus; and

---

1. In that they:

(a) compel him to incriminate himself in violation of his constitutional rights under the Fifth Amendment to the United States Constitution;

(b) subject him to unreasonable searches and seizures in violation of his rights under the Fourth Amendment to the United States Constitution;

(c) unreasonably deprive him of his right to personal and civil liberty in violation of his rights under the Fifth Amendment to the United States Constitution;

(d) are arbitrary and unreasonable in classification as to deprive him of due process of law guaranteed to him by the Fifth Amendment of the United States Constitution; and

(e) fail to define a proper standard of guilt by being vague and indefinite and in violation of his rights under the Fifth

Amendment and the Sixth Amendment to the United States Constitution.

2. See 25 Am.Jur., "Habeas Corpus", Sec. 17 and Sec. 21, where, citing many United States Supreme Court cases, it is declared:

"* * * the writ is not intended as a substitute for the functions of a trial court. * * * Habeas Corpus is not ordinarily available in advance of trial to test the constitutionality of a statute under which the petitioner was indicted, or even to determine every jurisdictional question which may arise."
Basic decisions are Henry v. Henkel, 235 U.S. 219, 35 S.Ct. 54, 59 L.Ed. 203; Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497; Glasgow v. Moyer, 225 U.S. 420, 32 S.Ct. 753, 56 L.Ed. 1147, and Sunal v. Large, 332 U.S. 174, 67 S. Ct. 1588, 91 L.Ed. 1982; Stack v. Boyle, 342 U.S. 1, at pages 6 & 7, 72 S.Ct. 1, 96 L.Ed. 3.

to dismiss the application without prejudice to the determination of the issues on the merits when they are reached and presented in the orderly administration of justice. Stack v. Boyle, 342 U.S. 1, 6, 7, 72 S.Ct. 1, 96 L.Ed. 3.