**Application of James BROWN, Appellant,**

**v.**

**W. B. RAYFIELD, Chief of Police of City of Jackson, Mississippi, Appellee.**

**Application of Lucian RICHARDS, Appellant,**

**v.**

**W. B. RAYFIELD, Chief of Police of City of Jackson, Mississippi, Appellee.**

No. 20625.

United States Court of Appeals
Fifth Circuit.
July 1, 1963.

9. A real definitive pre-trial order would have been of some help in the case.

Carsie A. Hall, Jackson, Miss., Robert L. Carter, Barbara A. Morris, Derrick A. Bell, New York City, Jack H. Young, Jackson, Miss., for appellants.

Robert G. Nichols, Jr., E. W. Stennett, Thomas H. Watkins, J. A. Travis, Jr., Jackson, Miss., for appellee.

Before TUTTLE, Chief Judge, and RIVES and GEWIN, Circuit Judges.

TUTTLE, Chief Judge.

These are two appeals, consolidated for the purpose of the hearing in this Court, from a denial by the United States District Court for the Southern District of Mississippi of the applications by the two appellants for writs of habeas corpus seeking their release from the municipal jail of the city of Jackson, Mississippi. Appellants contend that they were arrested and imprisoned illegally by the respondent, having been charged with a violation of a city ordinance (No. 594) of the city of Jackson, Mississippi, which prohibits parading without a permit. They allege that they, together with four other individuals, were arrested while walking in tandem on Capitol Street in Jackson, Mississippi, in an orderly fashion carrying a replica of the flag of the United States of America and displaying a sign protesting racial segregation in the city of Jackson, Mississippi. They allege that the arrest and confinement under such circumstances violate their rights and privileges secured to them by the First and Fourteenth Amendments of the Constitution of the United States.

Appellants concede that they have not exhausted their State remedies, either by appeal or by filing a petition for a writ of habeas corpus in the state courts of the state of Mississippi. They contend that they fall within the exception of Section 2254, 28 U.S.C.A.,[1] since they contend circumstances exist "rendering such process ineffective to protect" their rights. These circumstances are described by petitioners in the following language:

"Petitioner avers that all public officials of the State of Mississippi are committed to a policy of segrega-

---

1. "§ 2254. State custody; remedies in State Courts

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C.A. § 2254.

tion by state law as is shown by laws enacted by the Legislature of the State of Mississippi in 1956 (Sections 4065.3, 2046.5(1), 2056(7), 2087.7 and 2087.5 of the Mississippi Code of 1942 and the amendments thereto); That members of the various state Courts, all of whom are elected, give tacit if not open approval and support to the segregation statutes in their election campaigns and that this segregation policy is reflected in the opinions and decisions of the State Courts; And that, therefore, any attempt to make use of the State remedies for relief necessarily would be futile and could only serve to delay, if not negate, the relief to which petitioner is entitled. Your petitioner is advised by his counsel that similar cases resulting from the arrest, confinement and conviction of so called 'Freedom Riders' in June, 1961, have not yet been disposed of by the Supreme Court of Mississippi as of this date. To require petitioner to seek redress in the state courts prior to this Court's assuming jurisdiction of this cause is to deny petitioner the relief afforded by a habeas corpus proceedings, and to relegate him to process which is ineffective to protect his rights. The arrest and confinement of petitioner is patently unconstitutional; continuance of that confinement is in arrogant disregard of the laws of the United States."

Respondent attacks the application in the court below and here as well on the ground that the statute clearly applies to such cases as are here present and that this Court cannot assume the correctness of the statement referred to to the effect that the courts of the state of Mississippi will not carry out their duty with respect to granting appellants their full constitutional rights. The State has also moved to dismiss these appeals on the ground that appellants have now obtained their release from jail by posting bond.

We dealt with just such a case as that presented here by an unpublished opinion in In re Application of Elizabeth P. Wykoff, 6 Race Relations Law Reporter, 793. There, the applicant sought from this Court permission to proceed on the original record from the trial court and an acceleration of her appeal for an immediate hearing in an effort to have a reversal of the denial by the District Court for the Southern District of Mississippi of its denial of her petition for habeas corpus, 196 F.Supp. 515. She there asserted that because of the short term of her detention and "the clear violation by respondent of the Constitution and laws of the United States, the requirement that she must first exhaust her state remedies would, in effect, deny the right of habeas corpus, in a situation where it was the sole effective remedy with which to safeguard her statutory and constitutional rights and liberties." We there stated:

"It nowhere appears in the petition that the petitioner has attempted to exhaust remedies available to her in the courts of the state of Mississippi, or that there is either an absence of available state remedies or that other circumstances exist which render such state remedies ineffective to protect the rights of the prisoner."

After pointing to the language of the Federal Statute cited in footnote 1 above, we then said:

"It not appearing from anything asserted in the petition in this case that petitioner sought to appeal her conviction, which she alleges to have been void and unconstitutional, or that she is financially unable to make bond pending such appeal, and it not appearing that petitioner has no right to test her detention by habeas corpus in the state courts of Mississippi, there appears to be no sound reason for this Court to grant petitioner's motion for expediting the hearing in this Court."

Following this action by this Court, an application was made to Mr. Justice

Black and Mr. Justice Clark, acting jointly as members of the United States Supreme Court, for the grant of the petition for habeas corpus. In denying said application the Justices stated:

"This petition for habeas corpus is denied because the factual allegations fall far short of showing that there are not Mississippi state processes available by appeal or otherwise for petitioner to challenge her state conviction, which processes would effectively protect her constitutional rights, particularly since any denial of such rights by the highest court of a state can be remedied by appropriate appellate proceedings in the Supreme Court of the United States. See 28 U.S.Code Section 2241, 2254 and 1257." 6 R.R.L.R. 794.

While it is asserted here that the great number of similar convictions to that of Dr. Wykoff resulting from the so-called "Freedom Rides" of 1962, and the great mass of arrests in the period covering the time in which these two appellants were arrested, so load the Mississippi State Courts as to create delay in the final adjudication of the rights of petitioners, especially since they have been able to make bond and are now at liberty on bond pending appeal, we are unable to say that the circumstances are sufficiently different from those that were present at the time of the Wykoff proceedings to justify our finding that they come within the exception stated in Section 2254.

We conclude, therefore, that the appeals must be dismissed for a failure to present a substantial ground for reversing the decision of the trial court. It is, therefore, not necessary for us to pass on the question whether the release of the appellants on bond pending their appeal to this Court causes their application for a writ of habeas corpus to become moot, but see Johnson v. Hoy, Marshal, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497, together with the recently decided case of Jones v. Cunningham, 372 U.S. 969, 83 S.Ct. 1095, 10 L.Ed.2d 132, dealing with the right of a petitioner to pursue his application for habeas corpus while on parole.

The appeals are dismissed. The mandate is to be sent down forthwith.