PETER APUZZO *v.* ROBERT JACOBS ET AL.

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 111870
                              AT NEW HAVEN

Memorandum filed December 19, 1966

*James W. Marshall,* of New Haven, for the plaintiff.

*George R. Tiernan,* state's attorney, for the defendant J. Edward Slavin, sheriff.

FitzGerald, J. This is an application for a writ of habeas corpus made by Peter Apuzzo, hereinafter referred to as the plaintiff. The accompanying complaint alleges that he is being deprived of his freedom and held in the custody of the defendant Robert Jacobs, bondsman, and/or in the custody of the defendant Edward Slavin. In passing, the court takes note of the fact that the defendant Edward Slavin is actually J. Edward Slavin, high sheriff for New Haven County.

The complaint further alleges, in substance, that on October 20, 1966, the plaintiff was bound over to the Superior Court in New Haven County, after a probable cause hearing in the Circuit Court for the eighth circuit at East Haven (*Toscano, J.,* presiding), upon inadmissible hearsay evidence, which denied him the right to confront witnesses, in violation of the sixth and fourteenth amendments to the United States constitution, and, in addition, that the increasing of the bind-over bond from $10,000 to $20,000 was unreasonable and excessive because he was unemployed and indigent, and was violative of his rights under the eighth and fourteenth amendments to the United States constitution. In short, it is the plaintiff's position in support of his application that at, and upon the culmination of, the probable cause hearing in the Circuit Court he was deprived of his constitutional rights as guaranteed by the United States constitution in the respects specified.

An examination of the transcript of the proceedings had in the Circuit Court justifies certain corrections to the complaint. It would appear that the hearing and bind-over were on October 19, 1966, and not October 20, 1966, and that at the culmination of that hearing the bond was increased from $10,000 to $25,000, and not from $10,000 to

$20,000. Parenthetically, it is noted that the file in the office of the state's attorney discloses that on October 27, 1966, the bond was reduced at a criminal session of the Superior Court *(Shapiro, J.)* to $10,000, on application of the plaintiff.

The transcript discloses the following aspects: On October 19, 1966, the plaintiff was presented before the Circuit Court in the eighth circuit at East Haven *(Toscano, J.,* presiding), on the charge of assault with intent to kill and on an added charge of aggravated assault. Pasquale DeMatteo was likewise presented. We are not here concerned, however, with DeMatteo other than to say that the men were represented by separate counsel and pleaded not guilty to the charges made against them. Following a probable cause hearing of an acrimonious nature, the plaintiff, along with DeMatteo, was bound over to the next criminal session of the Superior Court on a finding of probable cause as to both charges. Up to that time the plaintiff, as well as DeMatteo, had been held on a $10,000 bond. On recommendation of the prosecutor, strenuously opposed by counsel for the plaintiff, the bind-over bond was set at $25,000. As already noted, this bond was later reduced to $10,000 as to the plaintiff upon his application to the criminal side of the Superior Court at New Haven on October 27, 1966.

The defendant Robert Jacobs, as bondsman, has filed no return. The defendant J. Edward Slavin, as sheriff, filed a return on November 3, 1966. In that return, the defendant sheriff recites that the plaintiff, after his commitment on a mittimus issued by the Circuit Court, "was released on bail [bond] on October 22, 1966."

As to the defendant sheriff, the plaintiff has no redress in a proceeding of this character. He has given bond and is released from the custody of the

defendant sheriff and is presently at liberty. See *Johnson* v. *Hoy,* 227 U.S. 245, 248, cited in 5 Wharton, Criminal Law and Procedure, p. 449 n.16 (Anderson Ed.), and the statement in the text of 5 Wharton at page 449 which reads: "It is . . . well settled that a person out on bail is not so restrained of his liberty as to be entitled to a writ of habeas corpus." See also the opening statement to the annotation in 14 A.L.R. 344, entitled, "Right of one at large on bail to writ of habeas corpus," and the subject of § 2 of a similar but later annotation in 77 A.L.R.2d 1307, 1308. General reference is also made to 25 Am. Jur., Habeas Corpus, § 24.

If we assume for the sake of argument that the hearing in the Circuit Court was replete with errors on evidential rulings made by that court, it does not avail the plaintiff anything in this proceeding. Habeas corpus is not a corrective remedy; neither does it serve the function of reviewing errors committed by a court otherwise acting within its jurisdiction; nor does it have the force and effect of an appeal or an error proceeding. *Johnson* v. *Hoy,* supra, 247; 25 Am. Jur., Habeas Corpus, § 28. "The hearing in probable cause amounts only to an inquest, the finding of probable cause is not final, and it cannot be used against the accused on the trial." *State* v. *Stallings,* 154 Conn. 272, 277. The claim that the bond is excessive has no bearing. It has been reduced on application of the plaintiff to the criminal side of this court.

As to the defendant Jacobs, the bondsman of the plaintiff's choice, the application is without merit. And this is so even in the absence of a return by this defendant.

Cases cited by the plaintiff in his brief are deemed not pertinent to the application before this court.

Application denied.