377 F.Supp. 1153 (1974)
Petition of the WISCONSIN POTOWATOMIES OF the HANNAHVILLE INDIAN COMMUNITY on behalf of Leroy Wandahsega, Jr., et al., Petitioner,
v.
William Edward WILSEY and Miriam Carole Wilsey, his wife, Respondents.
No. 74-17-Civ-Oc.
United States District Court, M. D. Florida, Ocala Division.
July 11, 1974.
*1154 William S. Easton, U.P. Legal Services, Inc., Marquette, Mich., and Michael L. Jeffrey, Orlando, Fla., for petitioner.
James S. Welch, Lakeland, Fla., for respondents.

ORDER
TJOFLAT, District Judge.
The Court has before it a petition for a writ of habeas corpus filed on May 3, 1974 by the Wisconsin Potowatomies of the Hannahville Indian Community, located in the State of Michigan, on behalf of Leroy Wandahsega, Jr., Veronica Wandahsega, and Tyrone W. Wandahsega, infants.
The facts indicate that on November 22, 1971, in the State of Michigan, Leroy Wandahsega, the father of the three children involved herein, shot and killed his wife and her mother, and then took his own life. Leroy Wandahsega was a full-blooded Potowatomie Indian, making his children Indians of the half blood, as their mother was Caucasian. The three children had each been enrolled as members of the Hannahville Indian Community at birth, the Community having previously been organized and incorporated pursuant to Title 25, United States Code, Sections 476-478 (1972) (originally enacted as Act of June 18, 1934, ch. 576, §§ 16-18, 48 Stat. 987-988).
After the parents' deaths, the Juvenile Officer for Menominee County, Michigan (the county in which the Hannahville Indian Community is located and in which the events related took place) filed a petition with the county probate court alleging that the three children were without legal custodians and were therefore dependent children within the meaning of the Michigan Juvenile Court Act. The petition further requested that the probate court take "temporary custody of said children to facilitate proper planning for them." On December 1, 1971, the probate court issued an order making the children temporary wards of that court. Thereafter, on January 13, 1972, the probate court issued a further order making the children permanent wards of the court and committing them to the Michigan Department of Social Services for adoption purposes. The Department of Social Services determined that the best interests *1155 of the children would be served if they were transported to Florida, there to be placed for adoption by Mr. and Mrs. William Wilsey, the children's maternal aunt and uncle (and respondents herein). Jake McCulloch, paternal great uncle of the children, who had contested the proceedings in the probate court on his own behalf (rather than on the part of the Hannahville Indian Community), filed a petition for delayed appeal with the probate court, which petition was denied. Thereupon, the children were brought to Florida, where the Wilseys, filed a petition for adoption in the Circuit Court for Lake County, which proceeding is still pending.
On July 13, 1972, the Hannahville Indian Community became formally involved, when it filed a complaint in the United States District Court for the Western District of Michigan seeking a declaratory judgment to the effect that the county probate court had been without jurisdiction to determine who should have custody of the children, and that only the Indian Tribal Council had authority to do so. On November 16, 1973 that court delivered a memorandum opinion finding that the Michigan probate court had no jurisdiction to decide who should have custody of the children, and that the Tribal Council was the only body having that power as a result of federal statutes regulating Indian affairs. A declaratory judgment was subsequently issued on December 17, 1973. It provided that the three children "be placed in accordance with [the Indian Community's] customs and subject to any formal procedures for child placement as it may promulgate." The court ordered the Director of the Michigan Department of Social Services to request, within the limits of his authority, the appropriate Florida governmental agency to return the children to Michigan for delivery to the Tribal Council for placement. When the Florida Department of Health and Rehabilitative Service, Division of Family Services, refused to honor his request, the Hannahville Indian Community filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Michigan. On April 3, 1974, that court reluctantly denied the petition since it did not appear that it had jurisdiction to do otherwise. Thereupon, the Indian Community filed the present petition in this Court.
This petition names William Edward Wilsey and his wife, Miriam Carole Wilsey, as respondents. While it is true that respondents have actual, physical control over the children at the present time, the Court does not believe that this fact alone is sufficient to satisfy the traditional habeas corpus requirement that the person having custody over the body of the party must be named as respondent. It would appear that the Michigan Department of Social Services no longer has custody of the children for habeas corpus purposes. However, under Florida law it would appear that pending a final judgment of adoption the Division of Family Services of the Florida Department of Health and Rehabilitative Services is the official guardian of these children. F.S.A. § 63.052(3) (Supp.1974). Therefore, it may very well be necessary to join the Division of Family Services as a party respondent in any habeas corpus proceeding seeking the release of these children.
Be that as it may, however, this Court is of the opinion that it should not hear the petition for habeas corpus at this time for reasons of comity. There is some question at the outset whether Title 28, United States Code, Section 2254, applies at all to the circumstances presented by this petition, as Subsection (a) of that Section appears to require, as a precondition to its application, that the person be "in custody pursuant to the judgment of a State court," and no Florida court has yet ruled on any matter relating to this controversy. See, e. g., Hillegas v. Sams, 349 F.2d 859 (5th Cir. 1965), cert. denied, 383 U.S. 928, 86 S.Ct. 927, 15 L.Ed.2d 847 (1966); *1156 Brown v. Rayfield, 320 F.2d 96 (5th Cir.), cert. denied, 375 U.S. 902, 84 S.Ct. 191, 11 L.Ed.2d 143 (1963); United States ex rel. Daniels v. Johnston, 328 F.Supp. 100 (S.D.N.Y.1971). While it is true that the Michigan probate court has rendered a judgment in this matter, it is not possible for this Court to accept the argument that the children are presently in the custody of the Florida Division of Family Services as the result of the Michigan ruling, for clearly the Michigan courts have no power over Florida governmental entities. The better view would appear to be that Section 2254 does not apply to this petition, since no Florida court has yet ruled on petitioners' federal claims. See Hillegas v. Sams, 349 F.2d 859, 860 (5th Cir. 1965) (Brown, J. concurring), cert. denied, 383 U.S. 928, 86 S.Ct. 927, 15 L. Ed.2d 847 (1966); United States ex rel. Daniels v. Johnston, 328 F.Supp. 100 (S.D.N.Y.1971). See also Amsterdam, Criminal Prosecutions Affecting Federally Guaranteed Rights: Federal Removal and Habeas Corpus Jurisdiction to Abort State Court Trial, 113 U.Pa.L. Rev. 793 (1965). This means, of course, that Subsection (b) of Section 2254 likewise does not apply. However, that Section 2254(b) is not applicable does not necessarily mean that this Court can proceed to hear the petition at this time. It is a well-settled principle that a federal court should not hear a habeas corpus petition in such a case (i.e., prior to trial), rather that it should stay its hand until the state courts have had an opportunity to rule on the issue. Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). Under the Royall standard, it is clear that federal courts have the power to hear a habeas corpus petition prior to any state trial; but they should withhold exercise of that power except in "cases of urgency, involving the authority and operations of the General Government, or the obligations of this country to, or its relations with, foreign nations." Id. at 252, 6 S. Ct. at 740. See also H. Hart & H. Wechsler, The Federal Courts and the Federal System 1491-92 (2d ed. 1973). While it is true that the present case does not involve a criminal charge as does the typical habeas corpus petition, yet there is a state judicial proceeding in progress in the Circuit Court for Lake County, Florida, which this Court feels compelled by the principle of comity to allow to proceed to its conclusion.
A case very similar to this with regard to the legal issues involved is United States in Behalf of Tulee v. House, 110 F.2d 797 (9th Cir. 1940). In that case, a member of the Yakima Indian tribe was arrested by officials of the State of Washington for fishing for and selling fish without the license required by a state statute. Prior to trial, the Indian sought a writ of habeas corpus in federal court, alleging that the statute was in conflict with a treaty between the United States and the Yakima tribe which gave members of the tribe exclusive fishing rights in all streams running through or bordering the reservation. It was asserted that this conflict constituted a sufficiently exceptional situation to justify a pre-trial writ of habeas corpus. However, both the District Court and the Ninth Circuit Court of Appeals disagreed, and denied the petition.
As in House, so in this case, there is currently pending a state judicial proceeding in which petitioners can make their federal claims. On this point, the court in House stated: "[a]s said in United States, ex rel., v. Tyler, [sic] . . . 269 U.S. 17, 46 S.Ct. 2, 70 L. Ed. 138, that insofar as the questions raised `involve treaty or constitutional rights' the state courts `are as competent as the federal courts to decide them' . . . ." Id. at 800. Clearly the courts of the State of Florida are competent to determine petitioners' federal law claims. Accordingly, it is
Ordered that:
The petition for a writ of habeas corpus filed on May 3, 1974, by the Wisconsin *1157 Potowatomies of the Hannahville Indian Community on behalf of Leroy Wandahsega, Jr., Veronica Wandahsega, and Tyrone W. Wandahsega must be denied for failure to exhaust available state remedies as required by Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L. Ed. 868 (1886).