IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30409
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.


MICHAEL J. BOWLER;
WALTER L. SENTENN, JR.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(CR-93-332-C)
_____
(July 19, 1995)

Before KING, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Michael Bowler and Walter Sentenn appeal from the district
court's denial of their petition for a writ of habeas corpus.
Having reviewed the arguments, we remand to the district court with
instructions to vacate its order of denial and to dismiss their
petition.

_____

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On August 17, 1993, Bowler and Sentenn were indicted on one count of conspiracy to commit mail fraud and fourteen counts of mail fraud pursuant to federal statutes.  The indictment alleged that Bowler and Sentenn created the fraudulent appearance of solvency for their insurance company, Pelican State Mutual Insurance Company, when Pelican was in fact insolvent.  By maintaining this misrepresentation of solvency, the indictment alleged that Bowler and Sentenn obtained salaries, expense accounts, rental cars, health insurance, and other monetary benefits for their personal gain.

On October 12, 1993, Bowler and Sentenn filed a motion to dismiss the indictment on the grounds that the district court lacked jurisdiction to prosecute them for their allegedly illegal conduct in operating an insurance company.  Bowler and Sentenn relied on the McCarran-Ferguson Act,[1] see 15 U.S.C. §§ 1011 et seq., to argue that the federal district court lacked subject matter jurisdiction over the underlying indictment and the criminal trial.  On January 19, 1994, the district court denied the motion.

---

[1]     The McCarran-Ferguson Act provides in the following relevant part:

> No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance . . . .

15 U.S.C. § 1012(b).

On March 23, 1995, Bowler and Sentenn filed a pre-trial "Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2241(c)(1) and (2). The district court denied the petition, noting that the issue presented was whether federal charges could be brought in light of the McCarran-Ferguson Act, and stating that:

> [n]otwithstanding the protestations of petitioners to the contrary, this issue was squarely raised in a previously filed motion to dismiss and was squarely addressed by Judge McNamara in January 1994 when he found that "the mail fraud prosecution against Bowler and Sentenn does not interfere with, impair, supersede or invalidate any state law regulating the business of insurance" and denied the motion.

Bowler and Sentenn appeal from this determination.[2]

## II.  STANDARD OF REVIEW

In a federal habeas corpus proceeding, we review the district court's legal determinations de novo.  See, e.g., Johnson v. Puckett, 929 F.2d 1067, 1070 (5th Cir. 1991).

## III.  ANALYSIS AND DISCUSSION

Bowler and Sentenn argue that their pre-trial writ of habeas corpus was improperly dismissed.  As they maintain, the petition involved serious questions "of the separation of powers and the effect of the Tenth Amendment."  They contend that the appeal is properly before us, and their petition once again emphasizes that

---

[2]    There is no certificate of probable cause ("CPC") in the record, and neither the district court nor the parties mention the need for a CPC or the absence of a CPC.  We assume, without deciding, that denials of habeas petitions filed pursuant to § 2241 require a CPC to appeal.  Construing Bowler's and Sentenn's notice of appeal as an application for a CPC, we grant the application and allow the appeal to proceed.

3

the government's attempts to prosecute them are pre-empted by the McCarran-Ferguson Act.

A pre-trial writ of habeas corpus is only available to a defendant in extraordinary circumstances. In <u>Johnson v. Hoy</u>, 227 U.S. 245, 247 (1913), the Supreme Court made the following observation:

> The writ of habeas corpus is not intended to serve the office of a writ of error even after verdict; and, for still stronger reasons, ***it is not available to a defendant before trial, except in rare and exceptional cases*** . . . . This [case] is an effort to nullify that rule, and to depart from the regular course of criminal proceedings by securing from this court, in advance, a decision on an issue of law which the defendant can raise in the district court, with the right, if convicted, to a writ of error on any ruling adverse to his contention. That the orderly course of a trial must be pursued and the usual remedies exhausted, even where the petitioner attacks on habeas corpus the constitutionality of the statute under which he was indicted, was decided in <u>Glasgow v. Moyer</u>. That and other similar decisions have so definitively established the general principle as to leave no room for further discussion.

(emphasis added) (citations omitted). In the later case of <u>Stack v. Boyle</u>, 342 U.S. 1 (1951), the Supreme Court reiterated its position:

> In this case, however, petitioners did not take an appeal from the order of the District Court denying their motion for reduction of bail. Instead, they presented their claims under the Eighth Amendment in applications for writs of habeas corpus. While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.

<u>Id.</u> at 6-7 (citations omitted).

We have adopted this position in our circuit as well. In <u>United States v. Saegert</u>, 251 F.2d 59 (5th Cir. 1957), we noted

4

"the settled principle that a writ of habeas corpus may not be used . . . as a substitute for the ordinary proceedings of a trial court." Id. at 60. In addition, we made the following observation:

> "[T]he writ is not intended as a substitute for the functions of a trial court. . . . Habeas Corpus is not ordinarily available in advance of trial to test the constitutionality of a statute under which the petitioner was indicted, or even to determine every jurisdictional question which may arise."

Id. at 60 n.2 (quoting 25 Am. Jur. Habeas Corpus §§ 17, 21) (collecting cases); see also Warner v. Zent, 997 F.2d 116, 131 (6th Cir. 1993) ("`Habeas corpus is not intended as a substitute for appeal . . . . '") (quoting Wright v. West, 112 S. Ct. 2482, 2490 (1992)); cf. Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993) ("A § 2255 petition may not be used as a substitute for direct appeal.").

The instant case is not a "rare and exceptional" situation[3] that requires us to consider a *pre-trial* writ of habeas corpus.

---

[3] By way of example, the Ninth Circuit was faced with such a "rare and exceptional" case. In Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992), the court made the following observation:

> The Fifth Amendment's protection against double jeopardy -- "nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb" -- is not against being twice punished, but against being twice put in jeopardy. Because full vindication of the right necessarily requires intervention before trial, federal courts will entertain pre-trial habeas petitions that raise a colorable claim of double jeopardy.

(citations omitted) (internal quotation omitted).

Bowler and Sentenn are clearly asserting that the McCarran-Ferguson Act pre-empts the federal charges against them, and they contend that the allegations are "a matter of Louisiana law, to be determined in accordance with the standards established by that law." Even though the district court denied relief on these grounds, Bowler and Sentenn can proceed to trial and can raise this argument again on direct appeal. There is simply no exigency, urgency, or any other reason for us to allow the habeas petition as a substitute for direct appeal in this matter. Instead, we conclude that the merits of Bowler's and Sentenn's arguments should be presented and reached "in the orderly administration of justice." Saegert, 251 F.2d at 61.

## IV. CONCLUSION

Following the lead of the Supreme Court in Stack, 342 U.S. at 7, and of our own decision in Saegert, 251 F.2d at 60-61, we REMAND to the district court with instructions to VACATE its order denying Bowler's and Sentenn's petition for a writ of habeas corpus and to DISMISS the petition without prejudice.