### MACKENZIE v. BARRETT, Sheriff.

(Circuit Court of Appeals, Seventh Circuit. August 1, 1905.)

#### No. 1,173.

HABEAS CORPUS—NATURE OF RESTRAINT—PERSON AT LARGE ON BAIL.

One under arrest, but at large on bail, is entitled to a writ of habeas corpus, the same as if the arrest was accompanied by actual imprisonment; the purpose of the writ being to test the right of the court or other body issuing the process to detain the person for any purpose by restraining him of his right to go without question.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Habeas Corpus, § 11.]

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

On motion to dismiss appeal.

The petition in the Circuit Court showed that Mackenzie, a resident of the State of Idaho, defendant to a suit by his wife in the Circuit Court of

Cook County, Illinois, for separate maintenance, was arrested on a certain writ of Ne Exeat issued out of said court in said suit, commanding that if the said Mackenzie should fail to give bail according to the provisions of the statute of Illinois, in the sum of ten thousand dollars, to appear before the said Circuit Court at a day therein named, and abide the orders of the court, he should be committed to the jail of Cook County; that at the time the petition was filed, Mackenzie was detained and imprisoned in said jail; and that the writ of Ne Exeat was unlawful in that Mackenzie was within Cook County at that time for the sole purpose of answering and defending against certain indictments for alleged abandonment of his said wife secured by her testimony; wherefore a writ of habeas corpus was prayed.

The defendant's return to this writ was, that the cause of the detention was under and by virtue of a surrender on the Ne Exeat bond.

In the Circuit Court the petition was dismissed, and the petitioner remanded; whereupon the appeal was prosecuted.

The particular matter before the court is the motion of respondent to dismiss the appeal, on the ground that on the 14th of January, 1905, the date on which the petition in the court below was dismissed, Mackenzie filed with the respondent his bond, conditioned for his appearance as required by the Ne Exeat writ, which bond was approved and accepted.

Harris F. Williams, for appellant.

John M. Duffy, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, after stating the facts, delivered the opinion of the court.

Whether appellant, on the record made, is entitled to the writ of habeas corpus prayed for, is not a question now before the court. The question presented and argued at this time is: Whatever may have been appellant's right to the writ, has his suit therefor abated by the fact of his giving bond, thereby being released from actual custody pending the appeal.

The cause of action embodied in a habeas corpus proceeding can only be said to have abated, by the giving of bail pending the appeal, in case a writ in the first instance would lie for actual detention only, and would not lie for what may be called constructive detention. But the Supreme Court has held, Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287, that when bail is given, the principal is not regarded as discharged, but only as delivered over to the custody of his sureties. The dominion of the sureties is a continuance only of the original imprisonment. When seized at the instance of the sureties, the seizure is not made by virtue of a new process. It is likened, rather, to the rearrest by the sheriff of an escaping prisoner. And this principle was applied in Cosgrove v. Winney, 174 U. S. 67, 19 Sup. Ct. 598, 43 L. Ed. 897; though in that case the petitioner was in actual custody at the time the petition was filed.

The cases brought to our attention in support of the motion, are not in point. In Ex parte Baez, 177 U. S. 389, 20 Sup. Ct. 673, 44 L. Ed. 813, the Supreme Court, on original application to it, refused the writ, because on the face of the record it was seen that before the return could be made and the case heard, the time of restraint would have expired.

Cheong Ah Moy v. United States, 113 U. S. 216, 5 Sup. Ct. 431, 28 L. Ed. 983, was a case under the Chinese deportation act, in which the

petitioner had gone beyond the jurisdiction of the United States before the writ was applied for.

Wales v. Whitney, 114 U. S. 564, 5 Sup. Ct. 1050, 29 L. Ed. 277, was a case where, under the order of the Secretary of the Navy, an officer in the navy was ordered not to leave the District of Columbia. The court held, that except as a matter of naval discipline, the order exercised a moral restraint only, and not a legal restraint. None of these cases, or the other cases cited, detract from the proposition, that under the rulings of the Supreme Court, one under arrest, but at large on bail, is entitled to a writ the same as if the arrest was accompanied by actual imprisonment. The purpose of the writ of habeas corpus is to test the right of the court, or other body issuing the writ of arrest, to detain the person for any purpose; and the detention it seems, is sufficient, if it restrain the party of his right to go without question, or, as stated in the English case, cited in Taylor v. Taintor, without a string upon his liberty. The exact point was decided in Re Grice (C. C.) 79 Fed. 627, by District Judge Swayne.

The motion is overruled.