SIBRAY, Immigrant Inspector, v. UNITED STATES ex rel. KUPPLES.
SAME v. UNITED STATES ex rel. STATLICHNITZER. SAME
v. UNITED STATES ex rel. HUBER.

(Circuit Court of Appeals, Third Circuit. February 20, 1911.)

Nos. 1,433, 1,441, 1,442. (Nos. 64, 70, 71).

1. ALIENS (§ 53*) — RIGHT OF DEPORTATION — ENTRY IN VIOLATION OF LAW —
EFFECT OF PREVIOUS RESIDENCE IN UNITED STATES.

Under Immigration Act Feb. 20, 1907, c. 1134, § 20, 34 Stat. 904 (U. S.
Comp. St. Supp. 1909, p. 459), which authorizes the deportation of any
alien who has entered the United States in violation of law at any time
within three years after entry, the fact that an alien entering is a resi-
dent of the United States and left temporarily is immaterial, and the
legality of the last entry is to be determined as though there had been
no previous entry, with the right to deport within three years thereaft-
er if such entry is unlawful.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. §
53.*]

2. HABEAS CORPUS (§ 45*)—JURISDICTION OF FEDERAL COURTS —NECESSITY OF
ACTUAL RESTRAINT BY RESPONDENT—PERSONS AT LARGE ON BAIL.

The jurisdiction of the federal courts in cases of habeas corpus is stat-
utory and can only be exercised where the body of the relator is in the
custody of the respondent and is brought into court in response to the
writ, and the proceeding will not lie therefor where the relator is at
large on bail.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38–45;
Dec. Dig. § 45;* Courts, Cent. Dig. §§ 1376–1385.

Jurisdiction of federal courts, see note to In re Huse, 25 C. C. A. 4.]

In Error to the Circuit Court of the United States for the Western
District of Pennsylvania.

Habeas corpus proceedings by Bertha Kupples, alias Goldstein,
alias Glick, alias Gluck, against W. W. Sibray, Inspector of the De-
partment of Commerce and Labor, by Therese Statlichnitzer, against
the same, and by Hans Huber against the same. Order in favor of
the relator in each case (178 Fed. 144, 150), and respondent brings er-
ror. Reversed.

Harry S. Lydick and R. M. Gibson, for plaintiff in error.
John L. High, for defendants in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

GRAY, Circuit Judge. These are appeals from orders of the Cir-
cuit Court of the United States for the Western District of Penn-
sylvania, discharging the relators respectively, on habeas corpus pro-
ceedings. The petition for the writ in the case of Bertha Kupples,
sets forth in substance that the relator is a native of Austria and a
subject of the Emperor Franz Josef. That she emigrated to the
United States on the 15th of March, 1901, and has resided in Pitts-
burgh, Pennsylvania, from 1901 to May 1, 1909, at which time she re-
turned to Austria and returned to the United States in September,
1909, and has since resided in Pittsburgh.

That in December, 1909, she was taken into custody on a warrant issued by the Secretary of Commerce and Labor, which warrant was executed by W. W. Sibray, Immigrant Inspector, attached to the Department of Commerce and Labor.

The reasons for her arrest, as stated in the warrant, are:

"That the said alien is a member of the excluded classes in that she entered the United States for the purpose of prostitution or other immoral purposes; and that she admits the commission of a felony or other crime or misdemeanor involving moral turpitude prior to her entry into the United States."

That in January, 1910, testimony was taken by W. W. Sibray, in support of the warrant of arrest.

That in March, 1910, a Warrant of Deportation was issued by the Secretary of Commerce and Labor against her, authorizing W. W. Sibray to remove her from Pittsburgh to New York on the 4th day of April, 1910, preparatory to deporting her from the United States to Austria, and that by virtue of that warrant she was taken into custody by W. W. Sibray and is now in his custody and that she is unlawfully deprived of her liberty.

That the statements contained in the warrant of arrest are untrue and not founded on fact.

From the record, it appears that Bertha Kupples came from Austria to this country in 1901. She resided in Pittsburgh, Pa., from 1901 until May, 1909. She had never applied, so far as the record discloses, for naturalization papers. She continued all that time to be an alien. In May, 1909, she returned to Austria. In September, 1909, she came back to this country, landing at New York. When she landed, she was, as in 1901, an alien. She was therefore, under the Act of February 20, 1907 (chapter 1134, 34 Stat. 898 [U. S. Comp. St. Supp. 1909, p. 447]) subject to deportation at any time within three years from September, 1909, if she in any wise violated the act. Ex parte Hoffman, 179 Fed. 839, 103 C. C. A. 327. She did violate it. She came across the sea with a man as his wife, and occupied the same state room with him. She was not married to him. Her character is bad by her own admissions. Between 1901 and 1909, she ran and was employed in houses of prostitution in Pittsburgh. All this she admits.

But we cannot deal with this case on its merits, even if the action of the Secretary of Commerce and Labor were not final. It appears by the return of the inspector, to whom the writ of habeas corpus was directed by the court below, which return is neither traversed nor in any way denied, that he had not, at the time the said writ was sued out, or thereafter, the custody of the said relator. The language of his return is as follows:

"That he has not at the present time the body of said petitioner, Bertha Kupples, alias Goldstein, alias Glick, alias Gluck, in his custody and is therefore unable to produce her before the court as in the said writ commanded."

The return then states the proceedings before the Secretary of Commerce and Labor, leading up to the arrest, by the order of the said Secretary, of the said relator, the subsequent hearing before the inspector, the submission of the evidence to the Department of Com-

merce and Labor, and the final order by the Secretary of that Department, for the deportation of the said relator. But the respondent makes no explanation whatever in his return, of his categorical statement that the petitioner for the writ was not in his custody. It appears, however, from the record, that in the warrant of arrest, directed to John J. S. Rodgers, Commissioner of Immigration, Philadelphia, Pa., or to any Immigrant Inspector in the service of the United States, issued by the Secretary of Commerce and Labor, there is the following instruction:

"Pending disposition of this case, the alien may be released from custody, upon furnishing a bond in the sum of one thousand dollars."

The record does not disclose the fact that such bond was given, but the learned judge of the court below, in his opinion, states that "the answer also sets out that the alien is out on bail." If such bail bond was given, it was presumably under the authority of section 20 of the Immigration Act of February 20, 1907, as follows:

"Provided, that pending the final disposal of the case of any alien so taken into custody he may be released under a bond in the penalty of not less than five hundred dollars with security approved by the Secretary of Commerce and Labor conditioned that such alien shall be produced when required for a hearing or hearings in regard to the charge upon which he has been taken into custody, and for deportation if he shall be found to be unlawfully within the United States."

This was the situation at the time of the suing out of the writ and the said return thereto made by the inspector. Admittedly, the relator was not in the custody of the one to whom the writ was directed, nor was she restrained of her liberty, except so far as the friendly custody of her bail and the obligation thereunder, that she should be produced when demanded to appear before the inspector for further hearing, or for deportation, was such a restraint. The writ of *habeas corpus ad subjiciendum*, as its name indicates, has no other office than to require the production of the body of one in custody by the person claiming custody thereof, before a court of competent jurisdiction, in order that the cause of such detention in custody may be inquired into. By the giving of the bail bond, the relator had, for the time being, waived the right to this writ. She was no longer in the custody of the inspector, nor restrained by him of her liberty. If she intended to contest the legality of the proceedings for her deportation, she should have waited until she was again in the custody of the inspector, for further hearing or deportation. The custody complained of must be actual and not constructive, in the sense in which that word is used by the respondent in his return. The jurisdiction of the federal courts in cases of habeas corpus, is statutory. Section 754 of the Revised Statutes (U. S. Comp. St. 1901, p. 593) provides as follows:

"Application for a writ of habeas corpus shall be made to the court, or justice, or judge authorized to issue the same, by complaint in writing signed by the person for whose relief it is intended, setting forth the facts concerning the detention of the party restrained, in whose custody he is detained, and by virtue of what claim or authority, if known."

"Sec. 755. * * * The writ shall be directed to the person in whose custody the party is detained."

Section 758 provides:

"The person making the return shall at the same time bring the body of the party before the judge who granted the writ."

The writ of habeas corpus is one of the muniments of personal liberty. Its office is to relieve the relator from an illegal and unjust imprisonment or an unlawful physical restraint of his personal liberty. It is not to be used merely as a convenient instrumentality for reviewing, as on appeal, by a superior court, the proceedings in another or inferior jurisdiction. It is, therefore, necessary, before any action can be taken by the court issuing the writ, that it should have a subject to act upon, which is the body of the relator brought into court by the respondent. The court then, for the time being, having control of the person of the relator, may determine the facts of the case and dispose of him as law and justice require. The relator, having been discharged on bail, was not restrained of her liberty, so as to be entitled to discharge on habeas corpus. See Cyc. p. 289, and the cases there cited.

We do not think the decision of the Supreme Court, in Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287, requires the conclusion arrived at by the Circuit Court of Appeals of the Seventh Circuit, in MacKenzie v. Barrett, 141 Fed. 964, 73 C. C. A. 280. It has long been understood, as stated by the Supreme Court in the case referred to, that when bail is given, the principal is regarded as delivered to the friendly custody of his sureties, and that "whenever they choose to do so, they may seize him and deliver him up in their discharge, and if that cannot be done at once, they may imprison him until it can be done," and that their dominion is a continuance of the original imprisonment. These dicta in no wise conflict with what has been said as to the ground upon which jurisdiction on habeas corpus can alone be exercised. See Wales v. Whitney, 114 U. S. 564, 5 Sup. Ct. 1050, 29 L. Ed. 277.

In the case of Baker v. Grice, 169 U. S. 284, 18 Sup. Ct. 323, 42 L. Ed. 748, the Supreme Court reversed Judge Swayne, whose opinion is referred to by the Circuit Court of Appeals in MacKenzie v. Barrett, supra. Moreover, it appears that the relator in that case, before suing out the writ of habeas corpus, had surrendered himself, in order to avoid the very difficulty of not being in custody at the time the writ was issued.

For the reasons stated, the order of the court below is set aside, with directions to dismiss the writ.

The same order is made in the other cases named in the caption, to wit, Nos. 70 and 71; as, in both of them it appears by the return of the respondent that the relator was not in his custody or control, but was out on bail before and at the time of the service of the writ. The records in these two cases seem to disclose a situation of great hardship, as to both relators, and we venture to express the hope that, though the exercise of the discretion of the Secretary of Commerce and Labor and his subordinates, so far as it is authorized by law, is not subject to review in the courts, there may be found some way in which this hardship may in some degree be mitigated in the further exercise of that discretion.