## Ex parte MUSCI.

District Court, S. D. New York.
Nov. 10, 1932.

Fogarty, Quel & Devlin, of New York City (Seymour B. Quel, of New York City, of counsel), for relator.

George Z. Medalie, U. S. Atty., of New York City (W. J. Hoff, Asst. U. S. Atty., of New York City, of counsel), for respondents.

WOOLSEY, District Judge.

The within writ is dismissed, or, if the papers herein be deemed, as they are captioned, to be a petition for the issuance of a writ of habeas corpus, that petition is denied because the indicated respondents have not custody of the person of the relator-petitioner.

I. On August 5, 1927, the alien, Felice Musci, a subject of Italy, arrived at New York as a passenger on board the steamship George Washington for a temporary stay in the United States. He has remained here for a longer time than permitted by the provisions of the Immigration Act of May 26, 1924 (43 Stat. 153), and the regulations made thereunder.

On January 5, 1932, a warrant of arrest was issued by the Department of Labor, and Musci was arrested. After two hearings held during January, 1932, it appeared, and indeed was admitted, that the alien was subject to deportation, not only because he had overstayed his time, but also because he entered the United States on a forged passport and not as a bona fide nonimmigrant. Cf. Title 8, U. S. Code, § 203, subd. 2 (8 USCA § 203, subd. 2).

It also appears from the record that before the issuance of this warrant of arrest of January 5, 1932, the alien had married a woman who was an American citizen. He has now been released from his arrest on giving a bail bond in the sum of $500.

In view of the circumstances of his marriage to an American citizen, cf. Title 8, U. S. Code, § 204, subd. a, as amended by the Act of July 11, 1932, § 1 (8 USCA § 204, subd. a), the Department of Labor concluded on or about March 29, 1932, not to enter an order of deportation against him which would result in his permanent exclusion, but instead directed that he should be informed that he might depart voluntarily to any country of his choice except contiguous territory and adjacent islands, provided he did so on or before April 15, 1932, failing which he would be arrested under an order of deportation. There has not been any order of deportation, and the alien has not been taken into custody.

II. Under the situation above described, the present proceeding has been brought. Whether this proceeding is a writ of habeas corpus, or an application for a writ of habeas corpus, is dealt with with some indifference by the parties.

The purpose of the proceeding is to have the destination of the alien's voluntary departure changed so that he may go to some contiguous country, and return at once as a nonquota immigrant, in view of his present status as the husband of an American citizen.

The parties to whom the writ is granted, or against whom it is sought, are the Secretary of Commerce and the Commissioner of Immigration of the port of New York.

It is common ground that the relator, or petitioner, although arrested on January 5, 1932, and thereafter examined as to his entry into the United States, is now at large on a bail bond in the sum of $500, and therefore at present at least potentially in the custody of his bondsman and not of either of the respondents.

This writ, or this application for a writ, whichever it may be, is therefore wrongfully directed as to respondents and premature

on the admitted facts. Sibray v. United States, 185 F. 401, 403, 404 (C. C. A. 3).

Consequently, it cannot avail the relator, or petitioner, as a corrective of the destination of the voluntary departure permitted to him as an act of grace by the Department of Labor, if, indeed, a writ of habeas corpus could ever be so used.

This case is not like United States ex rel. Karamian v. Curran, 16 F.(2d) 958 (C. C. A. 2), for in that case the relator was in the custody of the Commissioner of Immigration.

Settle order on notice.