**Manuel Lee MATYSEK, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19299.**

United States Court of Appeals
Ninth Circuit.

Dec. 11, 1964.

Rehearing Denied Jan. 15, 1965.

Morris Lavine, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Richard A. Murphy, Asst. U. S. Atty., Chief, Criminal Section, David R. Nissen, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and HAMLIN, Circuit Judges, and PENCE, District Judge.

BARNES, Circuit Judge:

Appellant seeks review of the denial of her motion to vacate and set aside the judgment convicting her of the violation on four counts of 21 U.S.C. § 174. Her motion, so denied, was made under 28 U.S.C. § 2255,[1] and Rule 35 of the Fed-

1. "§ 2255. Federal custody; remedies on motion attacking sentence

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

eral Rules of Criminal Procedure.[2] Appellant's original conviction had been appealed to this court, and her conviction affirmed.[3] A petition for rehearing of the original appeal was denied on August 21, 1963, and the United States Supreme Court denied a petition for writ of *certiorari*.[4]

On the original appeal appellant raised the question whether entrapment was proved as a matter of law. We held that the question was one for the trier of fact to determine, which he had, adversely to appellant. We affirmed.

■ This same question of entrapment is again raised by this proceeding; and improperly so. Appellant seeks to raise by this § 2255 proceeding an issue already passed upon by this court, and, inferentially, by the United States Supreme Court. This she cannot do. Dodd v. United States, 321 F.2d 240, 243 (9th Cir. 1963); Black v. United States, 269 F.2d 38, 41–42 (9th Cir. 1959), cert. denied, 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357 (1960). Entrapment is a defense which must be raised at the trial, and taken up on direct appeal. It is not an issue which can be raised to attack a judgment collaterally under § 2255. Turner v. United States, 262 F.2d 643 (8th Cir. 1959); United States v. Lyons, 256 F.2d 749 (2d Cir.), cert. denied 358 U.S. 911, 79 S.Ct. 240, 3 L.Ed.2d 232 (1958); Stanley v. United States, 239 F.2d 765 (9th Cir. 1957); Anderson v. United States, 338 F.2d 618 (9th Cir. decided November 24, 1964).

■ Grounds which were apparent when appellant appealed from her conviction cannot thereafter be made the basis for an attack on a motion to set aside judgment and sentence. Medrano v. United States, 315 F.2d 361 (9th Cir.), cert. denied 375 U.S. 854, 84 S.Ct. 114, 11 L.Ed.2d 81 (1963).

---

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

"An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

2. Rule 35 reads:
"The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

3. Matysek v. United States, 321 F.2d 246 (9th Cir. 1963).

4. 376 U.S. 917, 84 S.Ct. 672, 11 L.Ed.2d 613 (1964).

The government first raises objection to jurisdiction, because Title 28 U.S.C. § 2255 affords relief only to "[a] prisoner in custody * * * claiming the right to be released." The government cites Heflin v. United States, 358 U.S. 415, 420, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). There a majority of the Court said:

> "A motion for relief under 28 U.S.C. § 2255 is available only to attack a sentence under which a prisoner is in custody. That is what the statute says. That is what the legislative history shows. That is what federal courts * * * have unanimously concluded."

Cf.: United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Smith v. United States, 259 F.2d 125 (9th Cir. 1958); Miller v. United States, 256 F.2d 501 (9th Cir. 1958); Toliver v. United States, 249 F.2d 804 (9th Cir. 1957); Hoffman v. United States, 244 F.2d 378 (9th Cir. 1957); Williams v. United States, 236 F.2d 894 (9th Cir. 1956); Oughton v. United States, 215 F.2d 578 (9th Cir. 1954).

Upon oral argument, we requested appellant to support with cases her position that a prisoner at freedom on bail was entitled to seek relief under 28 U.S.C. § 2255.

Appellant's counsel supplied us the case of Shelton v. United States, 242 F.2d 101 (1957). This is a fifth circuit decision in which one judge dissented. There, the appellant was on parole, and hence was said to be serving his term because " '[T]he parole * * * does not suspend service [of sentence] or operate to shorten the term. While on parole the convict is bound to remain in the legal custody and under the control of the warden until the expiration of the term * * *.' " (Id. at 109). The majority point out the general rule is con-

trary to their holding, although they assert there exists a split of authority. Cf.: 39 C.J.S. Habeas Corpus § 9, pp. 439-40 (wherein it is stated an actual restraint is necessary), and Wales v. Whitney, 114 U.S. 564, 571-72, 5 S.Ct. 1050, 1053, 29 L.Ed. 277 (1885), where the Supreme Court said: "[T]o make a case for *habeas corpus* there must be actual confinement * * *." Treating the petition for § 2255 relief as a motion in the nature of a writ of error *coram nobis*, relief was granted in Shelton.[5]

Appellant could have more appropriately rested her reliance on the case of Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), reversing the fourth circuit.[6] The fourth circuit had held that because the state prisoner was on parole, he was not "in custody," and the petition for a writ of habeas corpus was dismissed. It pointed out that the Morgan case, supra (n. 5), had ruled "that the custody requirement implicit in habeas corpus is not essential in coram nobis, but it does not suggest that the custody requirement may be disregarded in habeas corpus or in a proceeding under § 2255." 294 F.2d at 610. The Supreme Court in reversing pointed out the many restrictions resting on petitioner while on parole (371 U.S. at 237 and 242, 83 S.Ct. 373).

Appellant might also have cited to us Hoptowit v. United States, 274 F.2d 936 (9th Cir. 1960), where appellant, originally in federal custody, had been conditionally released on parole (18 U.S.C. § 4203), but while on parole remained " 'in the legal custody and under the control of' the Parole Board," that parole " 'is * * * merely "an extension of the prison walls" * * *' ", (Id., at 938) quoting Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923). The district court was therefore held to have had jurisdiction to deny plaintiff a § 2255 release.

---

5. Cf.: United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393.

6. 294 F.2d 608 (1961).

Nowhere in Jones v. Cunningham, supra, does the Supreme Court go so far as to say a petitioner need *not* be in custody in order to invoke the Great Writ, or its substitute companion, § 2255. The opinion redefines "custody," and relying on immigration cases (Brownell v. Tom We Shung, 352 U.S. 180, 183, 77 S.Ct. 252, 1 L.Ed.2d 225 (1956)) and military induction cases (371 U.S. at 240 (n. 11), 83 S.Ct. 373), holds that there existed such "restraint" on the petitioner Jones as to place him constructively "in custody."

Our own research has disclosed but one case wherein it was squarely held that a person on bail was under a sufficient custody to make him a "prisoner" entitled to the benefit of habeas corpus or its substitute, § 2255. That is Mackenzie v. Barrett, 141 F. 964 (7th Cir. 1905). It relates to habeas corpus proceedings alone. In determining whether "in custody" includes constructive as well as actual custody, it cites and relies primarily upon Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 21 L.Ed. 287 (1872).[7]

Whether we agree with the reasoning and conclusions in Mackenzie or not, its authority is seriously undermined, if not nullified completely, by the later seventh circuit case of United States ex rel. Walmer v. Tittemore, 61 F.2d 909 (1932). There, in a habeas corpus proceeding, the second question specifically

raised was: may one who was arrested and posted bail obtain his release through a writ of habeas corpus? It was held he could not. Relying on Stallings v. Splain, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940 (1920), 5 Cyc.Fed.Proc. § 1890, the court said: "Before one can successfully seek a writ of habeas corpus, he must be *actually* restrained." Id., 61 F.2d at 910. (Emphasis added.) The Supreme Court in Stallings v. Splain, supra, stated that the rule requiring actual restraint was "well settled."[8] In Sibray v. United States, 185 F. 401 (3d Cir. 1911), a case in which the return of the writ disclaimed custody because the alien had been released on $1,000 bail, the court said:

"[W]e cannot deal with this case on its merits.

\* \* \* \* \*

"Admittedly, the relator was not in the custody of the one to whom the writ was directed, nor was she restrained of her liberty, except so far as the friendly custody of her bail and the obligation thereunder, that she should be produced \* \* \* for [a] further hearing, or \* \* \* deportation \* \* \*. The writ of *habeas corpus ad subjiciendum*, as its name indicates, has no other office than to require the production of the body of one in custody by the person claiming custody thereof, before a court \* \* \* in order that

---

7. While the court in Mackenzie v. Barrett, 141 F. at 965, says "this principle was applied in Cosgrove v. Winney, 174 U.S. 64, 67, 19 Sup.Ct. 598, 43 L.Ed. 897," it concedes there "the petitioner was in actual custody at the time the petition was filed." It also cites five other cases which it states "are not in point." Nevertheless, it concludes "the rulings [sic] of the Supreme Court" allow one on bail to seek the writ. The last of the five cases cited in support of its position is In re Grice, 79 F. 627 (C.C.1897). As noted in Sibray v. United States (185 F. 401 (3d Cir. 1911)), In re Grice was reversed by the Supreme Court in Baker v. Grice, 169 U.S. 284, 18 S.Ct. 323, 42 L.Ed. 748 (1898).

8. "The admission to bail [in the District of Columbia] to answer the indictment in the district of Wyoming was upon his own request on advice of counsel. \* \* \* [His] position was thereafter no better than if he had applied for the writ after he had given bail. *It is well settled that under such circumstances a petitioner is not entitled to be discharged* on habeas corpus. Respublica v. Arnold, 3 Yeates (Pa.) 263; Dodge's Case, 6 Mart.,O.S. (La.) 569; State v. Buyck, 1 Brev. (S.C.) 460. Being no longer under actual restraint within the District of Columbia, he was not entitled to the writ of *habeas corpus*. Wales v. Whitney, 114 U.S. 564 [5 Sup.Ct. 1050, 29 L.Ed. 277]." 253 U.S. at 343, 40 S.Ct. at 539 (Emphasis added.) The Court also cites with approval Sibray v. United States, supra, note 7.

the cause of such detention in custody may be inquired into. By the giving of the bail bond, the relator had, for the time being, waived the right to this writ. * * * *The custody complained of must be actual and not constructive * * *. The* jurisdiction of the federal courts in cases of habeas corpus, is statutory." Id. at 402–03. (Emphasis added.)

The court issuing the writ must "have a subject to act upon, which is the body of the relator brought into court by the respondent. * * * The relator, having been discharged on bail, was not restrained of her liberty, so as to be entitled to discharge on habeas corpus." Id. at 404.

In Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497 (1913), the Court said:

"[S]ince the appeal he [defendant] has given bond in the district court, and has been released from arrest under the warrant issued on the indictment. He is no longer in the custody of the marshal to whom the writ is addressed, and from whose custody he seeks to be discharged. The defendant is now at liberty, and having secured the very relief which the writ of *habeas corpus* was intended to afford to those held under warrants issued on indictments, the appeal must be dismissed." Id. at 248, 33 S.Ct. at 241.

Accord: see Veach v. Smith, 42 F.Supp. 161 (M.D.Pa.1941).

This circuit has not been silent on the matter. In Unverzagt v. United States, 5 F.2d 494, 495 (9th Cir. 1925), Judge Gilbert said: "The execution and acceptance of the bond precluded the appellant's right to habeas corpus." Stallings v. Splain, supra, was cited and quoted as authority for this holding.

9. If that be so, then appellant has named as appellee (respondent below) the wrong party, and the appeal must be dismissed. Cf.: Morehead v. California, 9th Cir., 339 F.2d 170; Roseborough v. California, 322 F.2d 788 (9th Cir. 1963);

 It is elementary that general rules applying to habeas corpus are applicable to § 2255 proceedings. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451 (1959); United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952).

 In the instant case no sufficient restraint to constitute custody—even constructive custody—exists. Petitioner has been, and is, out on bail. She was twice late at hearings on this motion below (Tr. pp. 403–04; 407–08) and twice failed to appear for hearings below. (Tr. p. 415, 423). The record shows she was ordered to surrender on April 20, 1964, at 10:01 A.M. (Tr. p. 441). But her counsel states she is still out on bail. Appellant urges she is under "the friendly custody" of her sureties;[9] that the California Supreme Court in In re Petersen, 51 Cal.2d 177, 331 P.2d 24, 77 A.L.R. 2d 1291 (1958), held that a person out on bail is "constructively in custody and subject to restraint since the primary purpose of bail, whether before or after conviction, is practical assurance that he will attend upon the court when his presence is required." While this "practical assurance" seems not to exist on the facts of this case (supra), we can accept it as generally true; yet it is a non sequitur that this "practical assurance" amounts to restraint sufficient to constitute custody. For example, we cannot believe because a person served with a subpoena is under a legal obligation to appear in court at a certain time and place (which gives practical assurance that he will do so), that that constitutes a "constructive" custody or restraint enabling him to file a petition for habeas corpus, or for release under § 2255. We note that the California ruling was made "under the circumstances here present" (p. 182, 331 P.2d 24).[10] Whatever rea-

Bohm v. Alaska, 320 F.2d 851 (9th Cir. 1963).

10. I. e., in a case where a taxicab driver was arrested for parking a taxicab in a rival's stand, and the driver questioned the constitutionality of a municipal ordinance forbidding such conduct.

sons existed for the California Supreme Court to ignore the general rule requiring "custody," we are not bound by that decision, and decline to consider it controlling here. Such a rule is not the majority State rule.[11]

Having been cited to no federal cases holding that a person on bail is sufficiently restrained to be in constructive custody, so as to avail himself of § 2255, we follow Heflin v. United States, supra, Sibray v. United States, supra, and Johnson v. Hoy, supra, and other cases cited herein, and hold the district court had no jurisdiction to grant or deny relief to appellant.

Nor is appellant aided by Rule 35. There is no claim in appellant's brief that the sentence is illegal. There is no reason expressed why the sentence should or could be reduced.

■ Neither are we required to treat an application for relief under § 2255 as an application for relief under any other section of the Federal Rules of Criminal Procedure or statutes. United States v. Bradford, 194 F.2d 197 (2d Cir. 1952); Lopez v. United States, 186 F.2d 707 (9th Cir. 1950); Crow v. United States, 186 F.2d 704, 706 (9th Cir. 1950).

Our circuit rule has at times been criticized, at least by indirection, in those cases where a § 2255 motion is treated as an application for a writ of coram nobis. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247 (1954); Igo v. United States, 303 F.2d 317 (10th Cir. 1962).

■ And yet the extraordinary remedy of coram nobis can be allowed "only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. at 511, 74 S.Ct. at 252. The record discloses there are no such compelling circumstances in this case. Cf.: Young v. United States, 337 F.2d 753 (5th Cir., decided October 5, 1964); Igo v. United States, supra; Ragavage v. United States, 272 F.2d 196 (5th Cir.), cert. denied 363 U.S. 806, 80 S.Ct. 1241, 4 L.Ed.2d 1149 (1960).

The court below assumed jurisdiction, granted a hearing, and denied the motion. If we assume the appellant had the right to invoke the jurisdiction of the court below, or later is returned to custody and has the right to file, we should state that appellant obviously attempted to have the § 2255 application serve the purpose of an appeal, and that the trial judge quite properly denied the application below. Dodd v. United States, 321 F.2d 240, 243 (9th Cir. 1963); Black v. United States, 269 F.2d 38, 41–42 (9th Cir. 1959), cert. denied 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed. 2d 357 (1960). Entrapment, as we have already made clear, is an issue which must be raised at the trial, and taken up on a direct appeal. It is not an issue which can be raised to attack a judgment collaterally under § 2255.

■ Nor was there any error with respect to any statement made by the witness, Abney. No statement was asked for by petitioner below, nor her counsel, at the trial. A defendant "must move" at the trial. (18 U.S.C. § 3500(b).) Cf.: Palermo v. United States, 360 U.S. 343, 349, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959).

The appeal is dismissed for lack of jurisdiction.

---

11. See State cases collected under 39 C.J.S. Habeas Corpus § 9b., p. 440, under the heading: "Habeas corpus will not lie on behalf of persons discharged on bail."