Ernest L. ALLEN
v.
UNITED STATES of America.

Civ. A. No. 2558.

United States District Court
D. New Hampshire.

March 3, 1965.

See also D.C., 245 F.Supp. 108.

F. Lee Bailey, Boston, Mass., Charles Solms, III, Manchester, N. H., for plaintiff.

Paul L. Normandin, John D. McCarthy, Asst. U. S. Attys., Concord, N. H., for defendant.

CONNOR, District Judge.

This is a motion under 28 U.S.C. § 2255 for relief authorized by that section. Movant had been sentenced on December 9, 1963, to a term of six months confinement and a fine of $1,500 following his conviction by a jury for violation of 18 U.S.C. § 201(b) (3). He appealed the judgment and, upon affirmance by the Court of Appeals, sought certiorari from the United States Supreme Court. After denial of his petition for

certiorari, he moved in this court for reduction of sentence, which motion was denied in an order dated February 1, 1965.

 During this entire period, movant was free on bail. The instant motion was filed on February 17, 1965, the date that had been arranged for movant's surrender to the United States Marshal. While a commitment had been issued to the Marshal, movant had not been taken into custody. This fact alone requires dismissal of the motion; the movant in no way meets the requirement of 28 U.S.C. § 2255 for he is not "[a] prisoner in custody under sentence of a court" of the United States. The Court is thus without jurisdiction to entertain the motion and the motion, therefore, must be dismissed. Matsyek v. United States, 339 F.2d 389 (9th Cir. 1964), provides precise authority for this point.

Even if there were some jurisdictional basis for the Court to entertain the motion, it appears to be wholly without merit. Paragraph 4, sub-paragraph (a) challenges the introduction into evidence of certain extrajudicial statements made by the movant, citing as support the recent case of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977 (1964). Upon inquiry by the Court, movant's counsel replied that the statements to which he referred had not been made while movant was in custody. This being so, the Escobedo case clearly can have no application.

At his trial, movant rested without offering any evidence. Subparagraph 4(b) of this motion advances the contention that movant was not availed of his right to testify in his own defense, and did not waive such right. The Court concludes that if this contention has any merit, under any view, it necessarily implies some lapse of duty on the part of the trial court. If there was such a lapse, which the Court does not recognize, it could have and should have been raised on appeal. Likewise, sub-paragraph 4(c) challenges the admission of certain evidence at movant's

trial. This also is clearly a matter which could have been urged on movant's appeal, and the Court of Appeals' affirmance of the judgment must be deemed to preclude its being raised at this point.

The motion is dismissed for lack of jurisdiction.

See also D.C., 245 F.Supp. 107.