**Fred J. ODELL, Petitioner,**

**v.**

**Franz G. HAAS, Sheriff, Dane County, Wisconsin, Respondent.**

**No. 68–C–8 (H.C.).**

United States District Court
W. D. Wisconsin.

Feb. 14, 1968.

Frederick C. Christians, Madison, Wis., for petitioner.

James C. Boll, Dist. Atty., Madison, Wis., for respondent.

JAMES E. DOYLE, District Judge.

This is a petition for a writ of habeas corpus in which petitioner claims he is being restrained in violation of his rights under the Constitution of the United States.

Leave was granted to file the petition *in forma pauperis*, respondent was directed to respond, and a response was filed.

Respondent asserts, *inter alia*, that petitioner was released from custody on his own recognizance, filed in the Circuit Court for Dane County, Wisconsin, on January 24, 1968, "to answer to a criminal prosecution". A copy of petitioner's recognizance is a part of the record herein. It appears that no judgment has as yet been entered in the action pending in the Circuit Court for Dane County.

28 U.S.C. § 2241(c) provides, in pertinent part:

"The writ of habeas corpus shall not extend to a prisoner unless

\* \* \* \* \* \*

(3) He is in custody in violation of the Constitution or laws or treaties of the United States."

█ The cases generally hold that a person who is at large on bail pending trial is not in custody so as to entitle him to a writ of habeas corpus. Stallings v. Splain, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940 (1920); Sibray v. United States, 185 F. 401 (3rd Cir. 1911). See annotation, 77 A.L.R.2d 1307. MacKenzie v. Barrett, 141 F. 964 (7th Cir. 1905), holds to the contrary, but that opinion is inconsistent with the decision of the Supreme Court in *Stallings* and it has been criticized and questioned by subsequent courts considering the issue. See Matysek v. United States, 339 F.2d 389, 393 (9th Cir. 1964); State of Tennessee ex rel. Ford v. Morris, 236 F. Supp. 780, 782 (W.D.Tenn.1965); Sibray v. United States, supra. Indeed, *MacKenzie* has been implicitly overruled by the Seventh Circuit in United States ex rel. Walmer v. Tittemore, 61 F.2d 909 (7th Cir. 1932).

█ In Duncombe v. State of New York, 267 F.Supp. 103 (S.D.N.Y.1967), the petitioner had been convicted in a state court and had been released on bail pending his post-conviction appeal. His challenge was to the conviction which threatened his liberty. I need not decide upon the correctness of dicta in *Duncombe* to the effect that one released on bail following a conviction is "in custody" for purposes of 28 U.S.C. § 2241 (c), or whether Reis v. United States Marshal etc., 192 F.Supp. 79 (E.D.Pa. 1961) (a 28 U.S.C. § 2241(a) case), cited in *Duncombe*, supports the *Duncombe* dicta. Here there has been no conviction and petitioner challenges only his confinement pending trial. Unless Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), has reversed the prevailing case law, a person at large on bail pending his trial is not "in custody" within the meaning of 28 U.S.C. § 2241(c) (3). In Jones v. Cunningham the court held that a parolee could maintain a petition for habeas corpus. The court stressed the various conditions and controls upon the parolee's absolute liberty which the parole imposed. He was confined to his community, house and job at the sufferance and regular supervision of his parole officer.

Petitioner is not subject to the same degree of control. Under the terms of his personal recognizance, upon which he was released, he is subject to no conditions or controls other than that he ap-

pear, when summoned, to answer to a criminal prosecution. I hold that Jones v. Cunningham as applied to this case has not reversed the prevailing case law.

The petitioner, being no longer in custody, is without standing to bring the petition for habeas corpus, and the case has become moot. The petition for writ of habeas corpus is hereby dismissed for want of jurisdiction.