**1046**

UNITED STATES of America on the Relation of Salvatore GRANELLO by his Attorney William Sonenshine, Petitioner,

v.

Arthur KRUEGER, the Warden of the Nassau County Jail, Joseph Maher, the Sheriff of Nassau County, and William Cahn, as District Attorney of Nassau County, Respondents.

No. 69-C-1284.

United States District Court
E. D. New York.

Nov. 13, 1969.

Evseroff, Newman & Sonenshine, Brooklyn, N. Y., for petitioner; by William Sonenshine, Brooklyn, N. Y., of counsel.

William Cahn, Dist. Atty., Nassau County, for respondents; by George D. Levine, Asst. Dist. Atty., of counsel.

MEMORANDUM AND ORDER

JUDD, District Judge.

Petitioner's application for a writ of habeas corpus attacks the voluntariness of his plea of guilty in the County Court of Nassau County to charges of conspiracy, coercion, and attempted extortion. On December 10, 1965, prior to the imposition of sentence, petitioner moved to withdraw his guilty plea. The motion was denied, but on appeal the New York Court of Appeals reversed the conviction and remanded to the trial court to hold an evidentiary hearing on the voluntariness of the plea. The hearing was held before County Court Judge Kelly who in his decision of May 23, 1967 found the plea to be voluntary. Judge Kelly sentenced petitioner to 18 months in county jail and three years of probation, the same sentence as had originally been imposed. On appeal in the state courts, the conviction was affirmed.

In his present application, petitioner contends that he did not receive a full and fair hearing in the state courts and that the refusal to permit him to withdraw his guilty plea constituted a denial of due process. Before reaching the merits of the petition, however, a jurisdictional issue must be considered.

After the appellate affirmance of the conviction, the County Court ordered petitioner to surrender in execution of the judgment of conviction. Petitioner, who had been free on bail during the pendency of the appeals and had removed himself to Florida, failed to comply and forfeited his bail. He was subsequently arrested in Florida on a fugitive warrant issued by the County Court of Nassau County and again released on bail in Dade County, Florida.

 Federal District Courts have power under 28 U.S.C. § 2241 to grant writs of habeas corpus within their respective jurisdictions "to a prisoner * * * in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, the question arises whether one free on bail in a foreign jurisdiction pursuant to a fugitive warrant is "in custody" within the meaning of this section so that this court has jurisdiction to entertain the present application. The court concludes that it does not have jurisdiction.

 Release on bail does not always constitute a lack of "custody" so as to destroy habeas corpus jurisdiction. When the release is simply pending a hearing on the petition itself, the petitioner does not thereby lose the right to have the issues raised by the petition decided. Reis v. United States Marshal, 192 F.Supp. 79 (E.D.Pa.1961); Arbo v. Hegstrom, 261 F.Supp. 397 (D.Conn. 1966). However, a petitioner on bail pending trial is not in custody. Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497 (1913); United States ex rel. Potts v. Rabb, 141 F.2d 45 (3d Cir. 1944). Nor is a petitioner who after being convicted and sentenced is admitted to bail pending appellate review and remains at large after affirmance of the conviction. Allen v. United States, 349 F.2d 362 (1st Cir. 1965); Matysek v. United States, 339 F.2d 389 (9th Cir. 1964). These latter two cases involved motions under 28 U.S.C. § 2255 attacking federal sentences, rather than habeas corpus applications under 28 U.S.C. § 2241; but the "in custody" requirement has been given the same construction in the two sections.

The facts in *Allen* and *Matysek* closely resemble the present case. There is less basis for granting a writ here, for petitioner is not on bail within the district pending appeal, but is on bail outside the district after having been arrested as a fugitive. In *Matysek*, petitioner had been ordered to surrender, as here. In *Allen* he had been requested to do so.

Prior to this application, petitioner sought habeas corpus relief in the Federal District Court in the Southern District of Florida. That Court denied the petition on the basis of United States ex rel. Tucker v. Donovan, 321 F.2d 114 (2d Cir. 1963), which held that a fugitive could not assert his constitutional claim by habeas corpus application in the asylum state, but only in the demanding state *"Upon his return." Id.* at 116. (Emphasis added.) This language supports the view that the instant petition is premature.

After his surrender to the Nassau County authorities, petitioner may incorporate his present papers in any new application.

It is ordered that the petition be denied, without prejudice to renewal when petitioner is in respondents' custody.