Kirby H. HENSLEY, Appellant,

v.

MUNICIPAL COURT, SAN JOSE-MIL-
PITAS JUDICIAL DISTRICT SANTA
CLARA COUNTY, STATE OF CALI-
FORNIA, Appellee.

No. 26274.

United States Court of Appeals,
Ninth Circuit.

Jan. 19, 1972.

Rehearing Denied Feb. 18, 1972.

Peter R. Stromer (argued), San Jose, Cal., for appellant.

Dennis Lempert, Asst. Dist. Atty. (argued), San Jose, Cal., for appellee.

Before KOELSCH and CARTER, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

■■ The sole question on appeal is whether or not a person released on his own recognizance following trial, conviction and sentence on a state criminal charge is within the purview of 28 U.S. C. § 2241, which extends the remedy of habeas corpus to persons "in custody" in violation of the federal constitution.[1] We conclude that he is not.[2]

Not long ago, this court squarely ruled on this question in Matysek v. United States, 339 F.2d 389 (1964), cert. denied 381 U.S. 917, 85 S.Ct. 1545, 14 L.Ed.2d 437. We held that a person released on bail was not "in custody," actual or constructive, so as to satisfy 28 U.S.C. § 2241.[3]

Appellant Hensley urges that *Matysek* has been implicitly overruled by the recent Supreme Court cases of Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968); Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L. Ed.2d 426 (1968) and Carafas v. La-Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L. Ed.2d 554 (1968). These cases are dis-

---

* Honorable Russell E. Smith, United States District Judge, Missoula, Montana, sitting by designation.

1. Hensley has been at liberty on recognizance at all times since conviction. Initially the state court stayed execution of sentence. At the exhaustion of Hensley's state remedies the district court issued a stay of execution pending habeas proceedings therein. Both the district court and this court denied a stay of execution pending this appeal. Subsequently, the Circuit Justice granted the stay.

2. We are unable to treat this petition as one seeking coram nobis relief because Hensley seeks to challenge a state court proceeding in federal court. Coram nobis lies only to challenge errors occurring in the same court. 7 Moore's Federal Practice ¶ 60.14, p. 46.

3. The decisional rule is different in several other circuits. Capler v. Greenville, 422 F.2d 299 (5th Cir. 1970); Burris v. Ryan, 397 F.2d 553 (7th Cir. 1968); Ouletta v. Sarver, 428 F.2d 804 (8th Cir. 1970).

tinguishable because in each of them there existed actual or constructive custody. In *Walker* and *Rowe,* the petitioners were in actual custody and in *Carafas,* the petitioner was on parole. In *Matysek,* this court, while recognizing that release on parole constituted constructive custody, distinguished a bail situation holding that the attendant restrictions did not constitute custody. The Supreme Court has not, to this date, considered the express question posed herein.

We feel, therefore, constrained to follow Matysek v. United States, *supra.*

Affirmed.