972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Men-Sing LOO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-35019.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 28, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Men-Sing Loo appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Loo was convicted following a jury trial of conspiracy to distribute heroin, interstate travel in aid of racketeering, and distribution of heroin. Loo appealed, and this court affirmed the conviction. See United States v. Chan Yu-Chong, 920 F.2d 594 (9th Cir.1990). Loo challenges his conviction on the grounds that he was the victim of entrapment, and was denied effective assistance of counsel at trial. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (9th Cir.1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. To establish that the defense was prejudiced, the defendant must show that there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id. at 694. A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 4
 Here, Loo argues that his attorney failed to investigate the issue of entrapment or to present the defense to the court. Loo asserts that he informed his attorney that he was lured into the drug deal, and was never made aware that he was participating in a drug transaction until he was arrested.
 
 
 5
 The record shows that the attorney indicated to the jury that the informant was responsible for the "creation of criminal conduct," and referred to the informant as a disreputable character "desperate" to ensnare his client. Thus, the entrapment defense was in effect raised.
 
 
 6
 Further, Loo has not shown prejudice because there was overwhelming evidence of his guilt. See Chan Yu-Chong, 920 F.2d at 599. Therefore, Loo's ineffective assistance of counsel claim fails. Strickland, 466 U.S. 668 at 687.
 
 
 7
 Finally, entrapment is a defense which must be taken up on direct appeal. See Matysek v. United States, 339 F.2d 389, 391 (9th Cir.1964). The defense is not an issue which can be raised to attack a judgment collaterally under § 2255. Id. Accordingly, the district court did not err in denying Loo's section 2255 motion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3