124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwayne A. WHITE, Defendant-Appellant.
 No. 96-50627.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-94-00819-R-1; Manuel L. Real, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dwayne A. White, a federal prisoner, appeals pro se the district court's denial of his motion for a writ of coram nobis in which he alleged his state conviction was invalid because his state counsel was ineffective. We affirm. We agree with the district court's conclusion that it lacked jurisdiction to review the validity of White's state conviction. See Hensley v. Municipal Court, 453 F.2d 1252, 1252 n. 2 (9th Cir.1972) ("[c]oram nobis lies only to challenge errors occurring in the same court."), rev'd on other grounds, 411 U.S. 345 (1973).
 
 
 3
 To the extent White contends that his motion should have been liberally construed as either a 28 U.S.C. § 2255 motion or a 28 U.S.C. § 2254 petition challenging his federal sentence as enhanced by his state sentence, the contention lacks merit. See Clawson v. United States, 52 F.3d 806, 807 (9th Cir.1995) (relying on Custis v. United States, 114 S.Ct. 1732, 1739-41 (1994)) (holding there is no constitutional right to collaterally attack the validity of a state conviction in a federal sentencing hearing), cert. denied, 116 S.Ct. 252 (1995); see also United States v. Davis, 36 F.3d 1424, 1437 (9th Cir.1994) (upholding constitutionality of 21 U.S.C. § 851's five year limit on the ability of a recidivist to attack validity of prior convictions); Cf. Brock v. Weston, 31 F.3d 887, 889 (9th Cir.1994) (Custis does not bar collateral attacks on prior state convictions used to enhance state sentence).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellee's motion to expand the record on appeal is denied as unnecessary