**D'N HUNTER, Plaintiff—Appellant,**

v.

**Daryl F. GATES; Gilbert Garcetti, District Attorney; Edward Oritz; Paul R. Harper; City of Los Angeles; Bernard Parks; Richard Alatorre; Hal Bern-**

---

son; Marvin Braude; Laura Chick; John Ferraro; Ruth Galanter; Nate Holden; Mark Ridley–Thomas; Joel Wachs; Ernani Bernardi; Joan Milke Flores; Gloria Molina; Joy Picus; Arthur Snyder; Michael Woo; Zev Yaroslavsky; Herbert Boeckmann; Gerald Chaleff; James Fisk; Stephen Gavin; Maxwell Greenberg; Dean Hansell; T. Warren Jackson; Warren Jackson; Edith Perez; Barbara Lindemann–Schlei; Robert M. Talcott; Reva B. Tooley; Manuel Chavez; Brian Hewett; George Hoopes, Sgt.; Daniel Lujan; Lawrence Martinez; Michael Montoya; Mark Richardson; Mario Rios; Humberto Tovar; Edward Ortiz; Michael Buchanan; Paul Harper; Brian Liddy; Camerino Mesina; Doyle Stepp; Michael Hernandez; Stanley Sheinbaum; Stuart D. Hotchkiss; Flora Trostler; Ethan Cohen; Nick Salicos; Rafael Perez, Defendants—Appellees.

No. 02–55427.
D.C. No. CV–99–12811–GAF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2003.

Decided June 17, 2003.

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM *

D'N Hunter appeals the district court's dismissal, under Federal Rule of Civil Procedure 12(b)(6), of his 42 U.S.C. § 1983, RICO, and coram nobis claims against Los Angeles officials. He also appeals the dis-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

trict court's decision to grant absolute prosecutorial immunity from civil RICO claims to former District Attorney Gilbert Garcetti. Reviewing de novo, we affirm the district court's dismissal. We recount the facts only as necessary to explain our result.

■ 1. A § 1983 claim accrues when a plaintiff knows or has reason to know of the injury upon which his claim is based. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir.1998). At all relevant times, the statute of limitations for § 1983 claims in California was one year. *Id.* at 377; Cal.Civ.Proc.Code § 340.3 (1999). Hunter filed his lawsuit on December 6, 1999, more than one year after he had reason to know of the injuries upon which his § 1983 claims were based.

Assuming common law equitable tolling would be available, no facts constituting elements of Hunter's cause of action were concealed from him. And taking into account statutory tolling available to Hunter under California law, *see* Cal.Civ.Proc. Code §§ 352.1, 945.3, Hunter's § 1983 claims remain untimely.

2. A RICO action accrues when a plaintiff knows or should know of the injury that underlies his cause of action. *See Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir.2001); *see also Rotella v. Wood*, 528 U.S. 549, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000) (rejecting accrual rule based on discovery of racketeering pattern). Hunter knew or had reason to know of his alleged injuries in 1992 when, according to his allegations, he was arrested, convicted, and incarcerated for a crime he did not commit, thereby removing him from the workforce. Civil RICO claims have a four year statute of limitations. *Pincay*, 238 F.3d at 1108. Hunter's RICO claims, filed on December 6, 1999, are therefore untimely unless equitably tolled.

■ Although Hunter has alleged in general terms fraudulent concealment of facts relevant to his claim, he has not "plead[ed] with particularity the facts giving rise to the fraudulent concealment claim and ... establish[ed] that [he] used due diligence in trying to uncover the facts." *Volk v. Davidson & Co.*, 816 F.2d 1406, 1415–16 (9th Cir.1987) (citation omitted); *see also Grimmett v. Brown*, 75 F.3d 506, 514 (9th Cir.1996). His RICO claims are therefore time-barred. We do not reach defendants' other contentions as to whether Hunter has otherwise stated a RICO claim.

3. Hunter also appeals the district court's denial of a writ of coram nobis. Federal coram nobis relief is unavailable for state criminal convictions. *Hensley v. Municipal Court*, 453 F.2d 1252 n. 2 (9th Cir.1972), *rev'd on other grounds, Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); *Madigan v. Wells*, 224 F.2d 577, 578 n. 2 (9th Cir. 1955). Dismissal of Hunter's coram nobis claim was therefore proper.

4. Because we determine that Hunter's RICO claims are time-barred, we need not determine whether former District Attorney Garcetti enjoys prosecutorial immunity against Hunter's civil RICO claims.

**AFFIRMED.**